USDC IN/ND case 2:21-cv-00290 document 1-2 filed 09/17/21 page 1 of 10

64D01-2108-CT-007543
Filed: 8/18/2021 11:32 AM
Clerk
Porter Superior Court 1
Porter County, Indiana

STATE OF INDIANA ) IN THE PORTER CIRCUIT/SUPERIOR COURT
) SS:
COUNTY OF PORTER ) CONTINUOUS TERM 2021

TERESA WETHINGTON )
    Plaintiff, )
)
vs. ) CAUSE NO.:
)
MENARD, INC. )
    Defendant. )

## SUMMONS

THE STATE OF INDIANA TO DEFENDANT:   **MENARD, INC.**
c/o The Prentice-Hall Corporation System, Inc.
135 North Pennsylvania St., Suite 1610
Indianapolis, IN 46204

    You have been sued by the person(s) identified as "Plaintiff", in the court stated above. The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for you answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated: **CERTIFIED MAIL**

Dated: 8/19/2021

**Gregory J. Sarkisian (43-64)**
SARKISIAN, SARKISIAN & ASSOC. P.C.
Attorney for Plaintiff
6165 Central Avenue
Portage, Indiana 46368

CLERK OF THE PORTER SUPERIOR/CIRCUIT COURT
By: _____ JB

[SEAL: CIRCUIT AND SUPERIOR COURT PORTER COUNTY INDIANA]

## EXHIBIT B

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2021, I mailed a copy of this summons and a copy of this SUMMONS to the Defendant, _____ by _____ mail, requesting a return receipt, at the address furnished by the Plaintiff.

## CLERK OF THE PORTER SUPERIOR COURT

Date_____  By: _____
                                                                Deputy Clerk

## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____ was accepted by the Defendant on the _____ day of _____, 2021.

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT were returned not accepted on the _____ day of _____, 2021.

## CLERK OF THE PORTER SUPERIOR COURT

Date_____  By: _____
                                                                Deputy Clerk

## RETURN ON SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within summons:

(1) By delivering on _____ a copy of this SUMMONS, a copy of the COMPLAINT and all other materials filed the same date to each of the within named person(s).
(2) By leaving on _____, for each of the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other material filed the same date at the respective dwelling house or usual place of abode of _____ in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, and by mailing a copy of the SUMMONS without the COMPLAINT to the said named person(s) at the address listed herein.
(3) This SUMMONS came to hand this date _____. The within named _____ was not found in my bailiwick this date, _____.
ALL DONE IN PORTER COUNTY, INDIANA.

## SHERIFF OF PORTER COUNTY, INDIANA

BY: _____

### SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same dated attached thereto were received by me at _____ in _____, Indiana on this date _____.

_____
Signature of Defendant

USDC IN/ND case 2:21-cv-00290-document 1-5 filed 09/17/21 page 3 of 10

Filed: 8/18/2021 11:32 AM
Clerk
Porter County, Indiana

64D01-2108-CT-007543
Porter Superior Court 1

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF PORTER | ) | CONTINUOUS TERM 2021 |

| | |
|---|---|
| TERESA WETHINGTON ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.: |
| ) | |
| MENARD, INC., ) | |
|     Defendant. ) | |

## COMPLAINT FOR DAMAGES

Comes now, Plaintiff, TERESA WETHINGTON by counsel, GREGORY J. SARKISIAN, of SARKISIAN, SARKISIAN, & ASSOCIATES, P.C., and for her cause of action against the Defendant, MENARD, INC., alleges and states as follows:

### FACTS COMMON TO ALL COUNTS

1. That the events complained of herein occurred at the premises located at 6220 US Route 6, City of Portage, County of Porter, State of Indiana (hereinafter referred to as "Subject Premises").

2. That at all times relevant herein, the Defendant, MENARD, INC., owned, operated, rented, leased, and/or managed the Subject Premises.

3. That the Plaintiff, TERESA WETHINGTON, is an individual and resident of the state of Indiana.

4. That on or about October 29, 2020, the Plaintiff, TERESA WETHINGTON was a patron of the Defendant, MENARD, INC., at the Subject Premises, making her a business invitee of the Defendant.

5. That while present at the Subject Premises, the Plaintiff was shopping for a carpet runner.

1

6. That while shopping, the Plaintiff was bent down looking at various products when a large full roll of carpeting stocked above her began to fall.

7. That in order to avoid the falling carpet roll, the Plaintiff staggered, fell backwards, and struck the floor.

8. That as a result of the fall, the Plaintiff suffered injuries to her right wrist, arm, shoulder, hip, knee, neck, and back.

9. That at all times relevant herein, the Defendant, MENARD, INC., was in exclusive control, possession, and/or management of the Subject Premises and had a duty to operate and maintain a safe environment for all invitees including the Plaintiff.

10. That at all times relevant herein, the Defendant, MENARD, INC., employed various agents and employees to operate the store.

11. That any agents and employees of the Defendant had duties to act reasonably, safely, and not cause harm to others, including the Plaintiff.

12. That at all times relevant herein, those agents and employees, specifically those who handle moving, storing, and stocking heavy materials, such as a roll of carpeting, were acting within the course and scope of their agency and/or employment with the Defendant, MENARD, INC.

13. That at all times relevant herein, those agents and employees, specifically those who handle moving, storing, and stocking heavy materials, such as a roll of carpeting, were under the direct control and supervision of the Defendant, MENARD, INC.

14. That at all times relevant herein, the Defendant, MENARD, INC., was vicariously liable for the acts and/or omissions of its agents and employees, including but not limited to those that caused harm to the Plaintiff.

15. That the Defendant, MENARD, INC., breached its duties, failed to exercise the degree of care in the handling and stacking of heavy materials, such as a roll of carpeting, as would have been exercises by a person of ordinary prudence under the same or similar circumstances, all of which constitute negligence.

16. That such negligence was the sole and proximate cause of Plaintiff's injuries.

17. That as a direct and proximate result of the Defendant's actions, Plaintiff sustained or may sustain one or more of the following: potentially permanent and severe personal injuries; incurred or may incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, and permanent impairment; lost wages; sustained a permanent impairment of the ability to earn wages in the future; disability; disfigurement; lost time; incurred other injuries and damages of a personal and pecuniary nature; some or all of which are or could be permanent in nature.

18. That the direct and proximate cause of such injuries and/or damages were the acts or omissions of the Defendant, MENARD, INC., by and through its agents and/or employees.

## COUNT I – NEGLIGENCE

Comes now, Plaintiff, TERESA WETHINGTON by counsel, GREGORY J. SARKISIAN, of SARKISIAN, SARKISIAN, & ASSOCIATES, P.C., and for her cause of action against the Defendant, MENARD, INC., alleges and states as follows:

19. That the Plaintiff, by reference, hereby incorporates rhetorical paragraphs 1-18 above, as if fully set forth herein.

20. That the Defendant, MENARD, INC., by and through its agents and employees, was careless, negligent, and reckless in the handling of heavy materials, in one or more of the following ways:

    a. Failing to properly handle, store, stack, shelve, or otherwise arrange heavy material and products, including but not limited to rolls of carpeting.

    b. Failing to maintain proper control of the heavy material.

    c. Failing to operate in a safe and reasonable manner so as to not cause harm to business invitees.

    d. Managed and operated in a way that allowed the handling, storing, stacking, shelving, or otherwise arranging of the heavy material without regard for the safety of a business invitee.

    e. Failing to keep a proper look out before moving and/or handling heavy materials and/or products.

21. That as a direct and proximate result of the Defendant's actions, Plaintiff sustained or may sustain one or more of the following: potentially permanent and severe personal injuries; incurred or may incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, and permanent impairment; lost wages; sustained a permanent impairment of the ability to earn wages in the future; disability; disfigurement; lost time; incurred other injuries and damages of a personal and pecuniary nature; some or all of which are or could be permanent in nature.

WHEREFORE, Plaintiff prays for judgment against the Defendant, MENARD, INC., for damages determined herein, including compensatory damages and punitive damages, for the costs of this action, prejudgment interest, post judgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,

*/s/ Gregory J. Sarkisian*
GREGORY J. SARKISIAN (43-64)
SARKISIAN, SARKISIAN & ASSOC., PC
6165 Central Avenue
Portage, IN 46368
P. (219) 762-7718 / F. (219) 763-4650
Greg@SarkLawFirm.com
Attorney for Plaintiff

**COUNT II.- NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

Comes now the Plaintiff, TERESA WETHINGTON, by counsel, GREGORY J. SARKISIAN of SARKISIAN, SARKISIAN & ASSOCIATES, P.C., and for her cause of action against the Defendant, MENARD, INC., alleges and states as follows:

22. That the Plaintiff, by reference, hereby incorporates rhetorical paragraphs 1-21 above, as if fully set forth herein.

23. That MENARD, INC. owed business invitees, including the Plaintiff, a duty to determine the qualifications of its employees and agents including, but not limited to:

    a.  Adequately evaluating applicants before hiring them as employees.

    b.  Adequately training and supervising these employees. and

    c.  Adequately evaluating these employees' job performance to discharge any incompetent or negligent employee before they injured the public or property.

5

24. That MENARD, INC. breached these duties by its negligent and careless hiring, training, supervising, and retaining of its agents and employees who were unqualified, incompetent, and/or negligent and careless.

25. That as a direct and proximate result of the Defendant's actions, Plaintiff sustained or may sustain one or more of the following: potentially permanent and severe personal injuries; incurred or may incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, and permanent impairment; lost wages; sustained a permanent impairment of the ability to earn wages in the future; disability; disfigurement; lost time; incurred other injuries and damages of a personal and pecuniary nature; some or all of which are or could be permanent in nature.

WHEREFORE, the Plaintiff, TERESA WETHINGTON prays for judgment against the Defendant, MENARD, INC. in a just and proper sum, for the costs of this action, for pre-judgment interest, post-judgment interest and for all other just and proper relief.

Respectfully submitted,

/s/ *Gregory J. Sarkisian*
GREGORY J. SARKISIAN (43-64)
SARKISIAN, SARKISIAN & ASSOC., PC
6165 Central Avenue
Portage, IN 46368
P. (219) 762-7718 / F. (219) 763-4650
Greg@SarkLawFirm.com
Attorney for Plaintiff

## COUNT III – RES IPSA LOQUITUR- NEGLIGENCE

Comes now the plaintiff, TERESA WETHINGTON, by and through counsel, GREGORY J. SARKISIAN of SARKISIAN, SARKISIAN & ASSOCIATES, P.C., and for her cause of action against the defendant, MENARD, INC., alleges and states as follows:

26. That the Plaintiff, by reference, hereby incorporates rhetorical paragraphs 1-25 above, as if fully set forth herein.

27. The Defendant, MENARD, INC., and its' employees, owed the Plaintiff a duty to exercise care in providing a safe environment, and failed to meet this duty and said acts and omissions described above were a breach of the Defendants duty of care.

28. That a fall roll of carpeting from up above does not ordinarily occur in the absence of someone's negligence, carelessness, or recklessness.

29. That the Defendant, MENARD, INC., by and through its' agents and employees, held exclusive control of the roll of carpet which fell and nearly struck the Plaintiff.

30. That the Plaintiff did nothing to cause the roll of carpeting to fall off of the shelf.

31. That as a direct and proximate result of the Defendant's actions, Plaintiff sustained or may sustain one or more of the following: potentially permanent and severe personal injuries; incurred or may incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, and permanent impairment; lost wages; sustained a permanent impairment of the ability to earn wages in the future; disability; disfigurement; lost time; incurred other injuries and damages of a personal and pecuniary nature; some or all of which are or could be permanent in nature.

32. That the Defendant, MENARD, INC., is liable to the Plaintiff pursuant to the doctrine of *res ipsa loquitur*.

WHEREFORE, the Plaintiff, TERESA WETHINGTON, prays for judgment against the Defendant, MENARD, INC., on all counts, in a just and proper sum, for the costs of this action, including pre-judgment and post-judgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,

*/s/ Gregory J. Sarkisian*
GREGORY J. SARKISIAN (43-64)
SARKISIAN, SARKISIAN & ASSOC., PC
6165 Central Avenue
Portage, IN 46368
P. (219) 762-7718 / F. (219) 763-4650
Greg@SarkLawFirm.com
Attorney for Plaintiff

## MOTION FOR TRIAL BY JURY

Plaintiff through counsel, request a trial by jury on all counts triable by a jury.

Respectfully submitted,

*/s/ Gregory J. Sarkisian*
GREGORY J. SARKISIAN (43-64)
SARKISIAN, SARKISIAN & ASSOC., PC
6165 Central Avenue
Portage, IN 46368
P. (219) 762-7718 / F. (219) 763-4650
Greg@SarkLawFirm.com
Attorney for Plaintiff